IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NED BRYANT GARDNER,<br><br>       Plaintiff,<br><br>  vs.<br><br>CORE CIVIC, INC.,<br><br>       Defendant. | CV 24-52-GF-BMM-JTJ<br><br><br><br>ORDER |

This matter is before the Court on a civil rights complaint filed by Plaintiff Ned Bryan Gardner ("Gardner") under 42 U.S.C. § 1983, as well as advancing state law claims, regarding the medical care received while incarcerated at Crossroads Correctional Center. (Doc. 4.) The matter was removed from state court and the Defendants have responded. On June 5, 2024, this Court entered a scheduling order. (Doc. 7.)

In the interim, Gardner has filed several motions, including a Motion to Amend (Doc. 8), a Motion for Clarification of Jurisdiction (Doc. 12), a Motion for Subpoena (Doc. 15), a Motion for Injunctive Relief (Doc. 16), a Motion to Stay (Doc. 17), and a Motion to Compel. (Doc. 26.) Although he wishes to amend his complaint, Gardner acknowledges he has not yet filed a proposed amended

1

complaint.  *See e.g.*, (Doc. 17 at 1.) Additionally, in his motion requesting a stay of these proceedings, Gardner suggests that a potential resolution between the parties is possible.  (*Id*. at 2.)  Defendant does not object to the request for a stay.  (Doc. 20 at 4.)  Defendant does however, object to Gardner's request for injunctive relief and subpoena for medical records.  (*Id*. at 2-4.)

As a preliminary matter, this Court finds it is appropriate to enter a temporary stay of these proceedings in order to allow the parties an opportunity to explore a potential resolution of Gardner's claims.  The motion will be granted, and a 90-day stay will be imposed.  If a resolution is not reached, Gardner may file his amended complaint and a new scheduling order will issue.  For this reason, Gardner's motion for clarification regarding this Court's jurisdiction will be denied as moot.

Gardner's motion seeking a subpoena for his medical records will be denied. Defendant properly observes that the previous scheduling order outlined the date by which certain documents, including medical records were to be provided.  (Doc. 7 at 2-3.)  While the present scheduling order will be vacated, the Court trusts Defendant will endeavor to provide the medical records to Gardner.  Similarly, in light of the stay, Gardner's motion to compel discovery will also be denied as moot.  Gardner should first confer and work with Defendant to resolve any

outstanding requests for certain materials or items without seeking the Court's involvement.  *See* L.R. 26.3(c)(1).

Finally, Gardner seeks a preliminary injunction requesting that he be removed and relocated to another Montana Department of Corrections ("DOC") Facility, during the course of these proceedings.  (Doc. 16.)  Notably, the DOC is not a party to this action. As Defendant points out, it has no control over the DOC's authority and decision-making regarding placements and transfers of inmates.  (Doc. 20 at 3.)

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted).  It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment.  *Textile Unlimited, Inc.* v. *A. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001).  In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest." *Winter*,
555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to
preliminary injunctions" whereby "the elements of the preliminary injunction test
are balanced, so that a stronger showing of one element may offset a weaker
showing of another." *Alliance for the Wild Rockies* v. *Cottrell,* 632 F.3d 1127,
1131 (9th Cir. 2011).  The Ninth Circuit recognizes one such "approach under
which a preliminary injunction could issue where the likelihood of success is such
that serious questions going to the merits were raised and the balance of hardships
tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks
omitted).

The Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants
must satisfy additional requirements when seeking preliminary injunctive relief
against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no
> further than necessary to correct the harm the court finds requires
> preliminary relief, and be the least intrusive means necessary to
> correct that harm. The court shall give substantial weight to any
> adverse impact on public safety or the operation of a criminal justice
> system caused by the preliminary relief and shall respect the
> principles of comity set out in paragraph (1)(B) in tailoring any
> preliminary relief.

18 U.S.C. § 3626(a)(2).

Applying the *Winter* factors, Gardner's request for a preliminary injunction will be denied.  First, Gardner has not yet demonstrated that he is likely to succeed on the merits of his case.  Although Gardner's claims were sufficient to warrant service and an answer from Defendant, he must do more than merely state a claim for relief to demonstrate that he is likely to succeed on the merits.  *See e.g., Washington v. United States Dept. of Homeland Security*, 598 F. Supp. 3d 1051, 1066 (E.D. Wash. Sept. 14, 2020)(recognizing that the preliminary injunction standard is more demanding than the lower *Iqbal/Twombly* threshold of plausibility.).

Moreover, Gardner seeks an injunction against an entity who is not a party to this lawsuit.  He has provided no legal basis to support the undersigned's authority to issue a preliminary injunction against non-parties.  Moreover, Gardner cannot establish that he will suffer irreparable harm absent this Court's intervention.  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  *Caribbean Marine Servs. Co. v. Baldrige*, 844 F. 2d 668, 674 (9th Cir. 1988).

Similarly, the balance of hardships do not tip in Gardner's favor.  This Court is aware that judicial interference in correctional operations is highly disfavored.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Myron v. Terhune*, 476 F. 3d 716, 719 (9th Cir. 2007)(federal courts should afford appropriate deference to state

officials managing a prison environment).  The injunctive relief sought by Gardner would involve this Court in interfering with the daily administration of policies and procedures at Crossroads Correctional Center.  The balance of equities and hardships does not favor granting an injunction.

Finally, a preliminary injunction is not in the public interest for the same reasons set forth above.  Such an injunction would unnecessarily interfere with the facility's administration.  A temporary stay will be imposed in order to allow the parties to attempt a resolution.  If that is not possible, the matter will proceed pursuant to a new schedule to be determined at a later date.  Gardner faces no demonstrable irreparable harm in the interim. Accordingly, the Court issues the following:

## ORDER

1.  Gardner's unopposed Motion to Stay (Doc. 17) is GRANTED.  Within **90 days** of this Order, the parties shall advised the Court whether or not they have resolved this matter.  If they have not, Gardner shall file his amended complaint and a new scheduling order will issue.  The Clerk shall have the docket reflect that this matter has been temporarily stayed.

2.  Gardner's Motion to Amend (Doc. 8) is GRANTED.  As set forth above, if the parties do not reach a resolution within 90 days, Gardner shall immediately file his amended complaint.

3.   Gardner's Motion for Clarification (Doc. 12) is DENIED as moot.

4.   Gardner's Motion for Preliminary Injunctive Relief/Restraining Order (Doc. 16) is DENIED.

5.   Gardner's Motion for Subpoena (Doc. 15) and Motion to Compel (Doc. 26) are DENIED.

6.   At all times during the pendency of this action, Gardner must immediately advise the Court and opposing counsel of any change of address and its effective date.

DATED this 28th day of August, 2024.

_____

Brian Morris, Chief District Judge
United States District Court